UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>W. BRODIE, et al.,<br><br>　　　　　Defendants. | **CASE No. 1:16-cv-01201-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison but complains of acts that occurred at Corcoran State Prison in Corcoran, California. He names Correctional Lieutenant W. Brodie, in his individual and official capacities, as the sole defendant. His allegations may be summarized essentially as follows:

On August 14, 2015, non-party psychologist Jack Alvord reported that Plaintiff had made threats against staff members. On September 21, 2015, Plaintiff was called to attend a Rules Violation Report ("RVR") disciplinary proceeding before Defendant Brodie regarding the allegations. Plaintiff was supposed to have a Staff Assistant, Correctional Officer I. Garza, present at the hearing. However, Garza was on vacation on September 21, 2015. Brodie nonetheless proceeded with the hearing and, afterward, falsely noted that Garza was present. During the hearing, Brodie refused to make Alvord available by phone for questioning, despite Plaintiff's insistence that he do so. Brodie found Plaintiff guilty of the alleged violation and assessed Plaintiff a thirty day loss of credits. Plaintiff subsequently learned that Brodie included in his report fabricated statements attributed to Plaintiff and Garza.

Plaintiff appealed the result of his disciplinary proceeding on October 13, 2015. He was interviewed in relation to the appeal on November 3, 2015. On November 6, 2015, Plaintiff's appeal was partially granted and the guilty finding was overturned. No action was taken against Defendant Brodie.

Plaintiff submitted his appeal to the third level, apparently in an effort to take action against Defendant Brodie. His appeal was cancelled because his issue had been resolved at the second level.

Plaintiff alleges Defendant Brodie violated his right to due process. He seeks money damages, a declaration that his rights were violated, and unspecified injunctive relief.

**IV.    Analysis**

    **A.    Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may

3

arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Although not entirely clear, it appears Plaintiff may have been deprived of the fourth and fifth protections announced in Wolff: the right to call witnesses in his defense and legal assistance determined to be appropriate for him. Nonetheless, Plaintiff's allegations fail to state a due process claim because his guilty finding later was overturned, and Plaintiff did not ultimately suffer any loss of credits as a result of the Defendant Brodie's conduct. Nor does Plaintiff specify any other loss attributable to the procedural defects in his RVR hearing. In these circumstances, Plaintiff has not suffered

any actual injury as a result of the violation. E.g., Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 U.S. Dist. LEXIS 27241 (E.D. Cal. Feb. 29, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him"); Shotwell v. Brandt, No. C 10-5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (no due process violation where Plaintiff's RVR was ordered reissued and reheard, the plaintiff was found not guilty at the second hearing, and the plaintiff suffered no credit loss or any other punishment); see also Horne v. Coughlin, 155 F.3d 26, 31, n. 3 (2d Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits and no disciplinary record); Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) (court found no injury after a due process violation in the plaintiff's first disciplinary proceedings was subsequently remedied on administrative appeal and plaintiff's sentence was adjusted so that he served no additional time in segregation); Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992) (rejecting the plaintiff's due process claims where he was granted a new hearing and was never penalized for the underlying charges); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991) (rejecting the plaintiff's due process claims after he was granted a new hearing to cure the procedural violations and suffered no harm as a result of the initial violations).

Plaintiff will be given leave to amend. If he chooses to do so, he must allege facts to show that he suffered an actual injury based on Defendant Brodie's conduct despite the guilty finding having been overturned. Additionally, Plaintiff should indicate whether he was permitted to call witnesses in his defense, describe the reasons given for refusing to call his requested witnesses, and set forth the intended purpose for having Staff Assistant Garza at the disciplinary proceeding.

**B.     Injunctive Relief**

Plaintiff seeks unspecified injunctive relief. To the extent he intends to pursue injunctive relief in relation to the disciplinary proceeding, such request appears to have been rendered moot by the subsequent overturning of the guilty finding against him.

To the extent Plaintiff seeks disciplinary action against Defendant Brodie, such request is outside the scope of this litigation. See 18 U.S.C. § 3626(a)(2).

Plaintiff will be given leave to amend to specifically identify the injunctive relief he seeks.

**C.     Declaratory Relief**

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief will be dismissed will leave to amend.

**D.     Official Capacity Claims**

Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). As stated above, Plaintiff's claims for prospective relief are not cognizable.

Additionally, official capacity claims must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, Plaintiff identifies no policy or custom associated with the violation.

6

Plaintiff's official capacity claims will be dismissed with leave to amend.

## V.     Conclusion and Order

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed August 15, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   September 2, 2016         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE