1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL CARTER,

   Plaintiff,

  v.

W. BRODIE, et al.,

   Defendants.

CASE No. 1:16-cv-01201-MJS (PC)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

**(ECF No. 8)**

**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS**

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 10.) No other parties have appeared in the action.

   Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 7.) His first amended complaint (ECF No. 8) is before the Court for screening.

**I.  Screening Requirement**

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1  relief may be granted, or that seek monetary relief from a defendant who is immune from

2  such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

3  thereof, that may have been paid, the court shall dismiss the case at any time if the court

4  determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6  **II.    Pleading Standard**

7  Section 1983 "provides a cause of action for the deprivation of any rights,

8  privileges, or immunities secured by the Constitution and laws of the United States."

9  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

10  Section 1983 is not itself a source of substantive rights, but merely provides a method for

11  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

12  (1989).

13  To state a claim under § 1983, a plaintiff must allege two essential elements:

14  (1) that a right secured by the Constitution or laws of the United States was violated and

15  (2) that the alleged violation was committed by a person acting under the color of state

16  law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

17  1243, 1245 (9th Cir. 1987).

18  A complaint must contain "a short and plain statement of the claim showing that

19  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

23  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

24  that is plausible on its face." Id. Facial plausibility demands more than the mere

25  possibility that a defendant committed misconduct and, while factual allegations are

26  accepted as true, legal conclusions are not. Id. at 677-78.

27

28

2

### III.   Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison but complains of acts that occurred at Corcoran State Prison in Corcoran, California. He names the following defendants: Correctional Lieutenant W. Brodie in his official capacity, and Correctional Lieutenant Silva in his individual and official capacities. His allegations may be summarized essentially as follows:

Non-party psychologist Jack Alvord reported that Plaintiff had made threats against staff members. On September 21, 2015, Plaintiff was called to attend a Rules Violation Report ("RVR") disciplinary proceeding before Defendant Brodie regarding the allegations. Plaintiff was supposed to have a Staff Assistant, Correctional Officer I. Garza, present at the hearing. However, Garza was on vacation on September 21, 2015. Brodie nonetheless proceeded with the hearing and, afterward, falsely noted that Garza was present. During the hearing, Brodie refused to make Alvord available by phone for questioning, despite Plaintiff's insistence that he do so. Brodie found Plaintiff guilty of the alleged violation and assessed Plaintiff a thirty day loss of credits. Plaintiff subsequently learned that Brodie included in his report fabricated statements attributed to Plaintiff and Garza.

Plaintiff appealed the result of his disciplinary proceeding. The appeal was partially granted and the guilty finding was overturned.

The disciplinary charge was reissued and reheard by Defendant Silva. Plaintiff submitted questions to be posed to Alvord. The questions were not answered and Silva did not attempt to contact Alvord by phone, stating that he no longer worked at Corcoran. Plaintiff again was found guilty, resulting in a loss of good-time credits. Although Plaintiff submitted an appeal, he was transferred to another institution on July 7, 2016, and has been unable to determine the status of his appeal.

Plaintiff alleges Defendants violated his right to due process. He seeks money damages and a declaration that his rights were violated.

1  **IV.    Analysis**

2        **A.    Due Process**

3        The Due Process Clause protects prisoners from being deprived of liberty without

4  due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a

5  cause of action for deprivation of procedural due process, a plaintiff must first establish

6  the existence of a liberty interest for which the protection is sought. Liberty interests may

7  arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S.

8  460, 466 (1983).

9        "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

10  panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S.

11  at 556. The minimum procedural requirements that must be met in such proceedings

12  are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

13  receives written notice and the time of the hearing, so that the prisoner may prepare his

14  defense; (3) a written statement by the fact finders of the evidence they rely on and

15  reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his

16  defense, when permitting him to do so would not be unduly hazardous to institutional

17  safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is

18  illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five

19  minimum Wolff requirements are met, due process has been satisfied. Walker v.

20  Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v.

21  Connor, 515 U.S. 472 (1995).

22        In addition, "some evidence" must support the decision of the hearing officer,

23  Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some

24  indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some

25  evidence" standard is not particularly stringent and the relevant inquiry is whether "there

26  is any evidence in the record that could support the conclusion reached. . . ." Hill, 472

27  U.S. at 455-56 (emphasis added).

28

4

1        **1.      Defendant Brodie**

2        The facts alleged regarding Defendant Brodie are nearly identical to those alleged

3   in Plaintiff's initial pleading which the Court previously found were not cognizable.

4        The Court reiterates that Brodie may have denied Plaintiff the fourth and fifth

5   protections announced in <u>Wolff</u>: the right to call witnesses in his defense and legal

6   assistance that was determined to be appropriate for him. Nonetheless, Plaintiff's

7   allegations fail to state a due process claim because his guilty finding later was

8   overturned, and Plaintiff did not ultimately suffer any loss of credits as a result of the

9   Defendant Brodie's conduct. Nor does Plaintiff specify and other loss attributable to the

10  procedural defects in his RVR hearing. In these circumstances, Plaintiff has not suffered

11  any actual injury as a result of the violation. <u>E.g.</u>, <u>Brown v. Marshall</u>, No. CIV S-07-0956

12  MCE DAD P, 2012 U.S. Dist. LEXIS 27241 (E.D. Cal. Feb. 29, 2012) ("[P]laintiff's

13  procedural due process claims related to either his first or second disciplinary

14  proceedings have been rendered moot by the subsequent re-issuing and re-hearing of

15  the rules violation charge against him"); <u>Shotwell v. Brandt</u>, No. C 10-5232 CW (PR),

16  2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (no due process violation where

17  Plaintiff's RVR was ordered reissued and reheard, the plaintiff was found not guilty at the

18  second hearing, and the plaintiff suffered no credit loss or any other punishment); <u>see</u>

19  <u>also Horne v. Coughlin</u>, 155 F.3d 26, 31, n. 3 (2d Cir. 1998) (finding the plaintiff's due

20  process claims with regard to his first hearing were rendered null after the findings and

21  penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good

22  time credits and no disciplinary record); <u>Morissette v. Peters</u>, 45 F.3d 1119, 1122 (7th

23  Cir. 1995) (court found no injury after a due process violation in the plaintiff's first

24  disciplinary proceedings was subsequently remedied on administrative appeal and

25  plaintiff's sentence was adjusted so that he served no additional time in segregation);

26  <u>Young v. Hoffman</u>, 970 F.2d 1154, 1156 (2d Cir. 1992) (rejecting the plaintiff's due

27  process claims where he was granted a new hearing and was never penalized for the

28  underlying charges); <u>Harper v. Lee</u>, 938 F.2d 104, 105 (8th Cir. 1991) (rejecting the

1  plaintiff's due process claims after he was granted a new hearing to cure the procedural

2  violations and suffered no harm as a result of the initial violations).

3      Plaintiff was provided the opportunity to amend his complaint but was unable to

4  cure noted defects. Further leave to amend appears futile.

5          **2.    Defendant Silva**

6      Plaintiff has amended his complaint to add new claims against Defendant Silva.

7  Although Plaintiff was advised that leave to amend was not given for the purpose of

8  adding new claims, this claim appears to arise out of the same transaction or occurrence

9  as the claim against Defendant Brodie. See Fed. R. Civ. P. 20(a)(2). Accordingly, it  is

10 addressed.

11     However, Plaintiff's claims against Defendant Silva appear premature because he

12 was still in the process of pursuing his administrative remedies. Pursuant to the Prison

13 Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison

14 conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

15 any jail, prison, or other correctional facility until such administrative remedies as are

16 available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the

17 available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211

18 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is

19 required regardless of the relief sought by the prisoner and regardless of the relief

20 offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion

21 requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532

22 (2002). Because exhaustion must precede the filing of the complaint, compliance with

23 § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is

24 pending. See McKinney, 311 F.3d at 1199.

25     "[I]nmates are not required to specially plead or demonstrate exhaustion in their

26 complaints." Jones, 549 U.S. at 216. However, "in those rare cases where a failure to

27 exhaust is clear from the face of the complaint," dismissal for failure to state a claim is

28 appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir.

6

1   2014). In the instant case, Plaintiff states that he filed an administrative grievance

2   regarding the conduct of Defendant Silva and received a tracking number for his

3   grievance. However, it appears his grievance was still pending at the time he filed his

4   amended complaint. Accordingly, Plaintiff's failure to exhaust is plain from the face of the

5   complaint.

6   Nevertheless, Plaintiff will be given leave to amend. If he chooses to file an

7   amended complaint, he should plead facts to show that he has exhausted his

8   administrative remedies or that such remedies were "effectively unavailable" to him. See

9   Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).

10          **B.      Declaratory Relief**

11   In addition to damages, Plaintiff seeks declaratory relief, but because his claims

12   for damages necessarily entail a determination whether his rights were violated, his

13   separate request for declaratory relief is subsumed by those claims. Rhodes v.

14   Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Therefore, Plaintiff's claim for

15   declaratory relief will be dismissed.

16          **C.      Official Capacity Claims**

17   Plaintiff sues Defendant Silva in his individual and official capacities. Plaintiff

18   cannot recover money damages from state officials in their official capacities. Aholelei v.

19   Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official

20   capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d

21   1045, 1065-66 (9th Cir. 2010). Here, Plaintiff seeks only declaratory relief and money

22   damages. As stated above, his claim for declaratory relief will be dismissed. He therefore

23   may not proceed against Silva in his official capacity.

24   Additionally, official capacity claims must allege that a policy or custom of the

25   governmental entity of which the official is an agent was the moving force behind the

26   violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159,

27   166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue

28   and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378,

7

385, 391-92 (1989); <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996); <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, Plaintiff identifies no policy or custom associated with the violation.

Plaintiff's official capacity claims will be dismissed.

**V.    Conclusion and Order**

Plaintiff's first amended complaint does not state a cognizable claim for relief.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555. Further, Plaintiff is again reminded that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's first amended complaint (ECF No. 8) is DISMISSED for failure to state a claim upon which relief may be granted,

2.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint filed September 29, 2016;

3.    Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4.    If Plaintiff fails to file an amended complaint or notice of voluntary

dismissal, the undersigned will dismiss this action, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   November 8, 2016                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

9