UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARTER, | CASE NO. 1:16-cv-01201-MJS (PC) |
| Plaintiff, | **ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER** |
| v. | |
| J. SILVA, et al., | **ORDER DIRECTING CLERK'S OFFICE TO TERMINATE ECF NO. 18** |
| Defendants. | **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS** |
| | **(ECF NO. 17)** |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.     Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on a Fourteenth Amendment claim for damages against Defendant Silva in his individual capacity. The allegations arise out of a disciplinary hearing conducted by Defendant Silva.

Before the Court is Defendant's motion to dismiss. (ECF No. 17.) Plaintiff filed an

opposition.[1] (ECF No. 18.) Defendant filed a reply. (ECF No. 19.) The matter is submitted. Local Rule 230(*l*).

## II. Plaintiff's Claims

Plaintiff is incarcerated at Salinas Valley State Prison but complains of acts that occurred at Corcoran State Prison in Corcoran, California. His allegations may be summarized essentially as follows.

Non-party psychologist Jack Alvord reported that Plaintiff had made threats against staff members. Plaintiff was called to attend a Rules Violation Report ("RVR") disciplinary proceeding before Lieutenant W. Brodie regarding the allegations. During the hearing, Brodie refused to make Alvord available by phone for questioning, despite Plaintiff's insistence that he do so. Brodie found Plaintiff guilty of the alleged violation and assessed Plaintiff a thirty day loss of credits.

Plaintiff appealed the result of his disciplinary proceeding. The appeal was partially granted and the guilty finding was overturned.

The disciplinary charge was reheard by Defendant Silva. Plaintiff submitted questions to be posed to Alvord. The questions were not answered and Silva did not attempt to contact Alvord by phone, stating that Alvord no longer worked at Corcoran. Plaintiff again was found guilty, resulting in a loss of good-time credits and a "point-hike" that keeps Plaintiff in a maximum security prison.

Plaintiff submitted an appeal regarding his second disciplinary proceeding. However, he was transferred to another institution on July 7, 2016, and his subsequent inquiries regarding the appeal went unanswered.

Plaintiff alleges that the rehearing by Silva violated his due process rights.

## III. Legal Standard – Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of

---

[1] Plaintiff's opposition is styled as an "Opposition and Motion to Dismiss Defendant's Motion to Dismiss." It is, in essence, a request that the motion to dismiss be denied. It therefore appears to be mis-characterized as a motion. The arguments contained in Plaintiff's brief are considered herein. However, the Clerk's Office will be directed to terminate the motion at ECF No. 18.

2

a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**IV. Discussion**

Defendant contends that the complaint should be dismissed because the allegations fail to state a due process claim on three grounds: (1) Plaintiff had no due process right to call Alvord as a witness, (2) the decision not to call Alvord was justified, and (3) Plaintiff has not pled facts to suggest that the failure to call Alvord affected the result of the disciplinary proceeding.

**A. Legal Standard – Disciplinary Proceedings**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Under the due

3

process clause, minimum procedural protections are required for prison disciplinary proceedings. These include: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

**B.     Analysis**

Defendant correctly points out that, while Plaintiff has a due process right to call witnesses in his own defense, he does not have a right to confront adverse witnesses. Wolff, 418 U.S. at 567-69. The Supreme Court has recognized that the confrontation of adverse witnesses may "present greater hazards to institutional interests" than the examination of witnesses in the inmate's defense. Id. at 567; see also Baxter v. Palmigiano, 425 U.S. 308, 322 (1976) ("Confrontation and cross-examination . . . stand on a different footing [than the right to call witnesses] because of their inherent danger and the availability of adequate bases of decision without them."). Accordingly, prison officials are not constitutionally required to permit inmates to question adverse witnesses. Thus, in alleging that he was denied the opportunity to confront Alvord,

Plaintiff has not alleged that he was denied any procedural due process required under Wolff. Although Plaintiff cites provisions of the California Code of Regulations that would permit him to confront adverse witnesses, California regulations do not dictate the outcome of the federal due process analysis.

Plaintiff also appears to contend that Alvord's testimony might not be adverse. Plaintiff speculates that, because Alvord no longer works for the prison, he may repudiate his report of Plaintiff's misconduct. Such speculation is insufficient to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.] (citations omitted)); see also Harrison v. Marshall, No. CV 10–2300–GW (RNB), 2010 WL 5422540, at *11 (C.D. Cal. July 28, 2010) (rejecting due process claim premised on petitioner's unsupported speculation that correctional officer "would have testified differently than the account in his written report as set forth in the RVR" had he been subject to questioning by petitioner at disciplinary hearing). Plaintiff has not provided any factual allegations to suggest that Alvord's testimony would have aided in his defense. Cf. Graves v. Knowles, 231 Fed. Appx. 670, 673 (9th Cir. 2007) (holding that any possible error from failure to interview witnesses for disciplinary hearing was harmless where petitioner "did not indicate what information they would have provided in support of his defense"); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003) (per curiam) (holding that inmate did not have right to confront adverse witness in his disciplinary proceeding and, in any event, inmate showed no prejudice from refusal to call correctional officer who prepared rule violation report as witness, where Plaintiff did not "indicate what [officer's] testimony might have been or how it might have aided his defense").

Based on the foregoing, Plaintiff's allegations fail to state a due process claim under Wolff. In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad

5

faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991). Here, the defects in Plaintiff's complaint do not appear capable of being cured through amendment. The motion to dismiss should be granted and further leave to amend should be denied as futile.

## V.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Silva's motion to dismiss (ECF No. 17) be GRANTED and that further leave to amend be DENIED as futile.

Additionally, the Clerk's Office is directed to assign a District Judge to this matter and to terminate the motion at ECF No. 18.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  May 30, 2017            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

6